UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PATRICK KROLL and DEBRA KROLL, individually and as parents and next friends of C.A. KROLL, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> BUMBO LTD., a foreign corporation, <br><br> Defendant. | ) ) ) ) ) Civil Action No. 6:09-cv-2040 ) ) ) ) ORIGINAL COMPLAINT AND ) JURY DEMAND ) ) ) |

Plaintiffs Patrick Kroll and Debra Kroll, individually and as parents and next friends of C.A. Kroll, a minor ("PLAINTIFFS"), hereby file their Original Complaint against Defendant, Bumbo Ltd. ("BUMBO"), and state:

**JURISDICTION AND VENUE**

1. The present action alleges strict products liability and negligence under Iowa law arising out of PLAINTIFFS' use of the Bumbo Baby Sitter ("BUMBO SEAT").

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

3. The Court possesses personal jurisdiction over Defendant. Defendant has conducted and continues to conduct business within the State of Iowa. Defendant contracts with Iowa entities and does business within the State of Iowa. Moreover, Defendant, directly and/or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises the BUMBO SEAT, in the United States, the State of Iowa, and the

Northern District of Iowa.  Defendant has purposefully and voluntarily placed the BUMBO SEAT into the stream of commerce with the expectation that it will be purchased by consumers in the Northern District of Iowa. The BUMBO SEAT has been and continues to be purchased by consumers in the Northern District of Iowa.

4.   Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events and omissions giving rise to the claim occurred in the Northern District of Iowa.

## PARTIES

5.   PLAINTIFFS are individuals who reside in Waterloo, Iowa.  PLAINTIFFS were citizens of the State of Iowa and resided in Waterloo, Iowa at all times pertinent to this action.

6.   BUMBO is a foreign corporation with its place of business at Rosslyn 0200, Gauteng, South Africa.  Service may be had upon BUMBO according to the Inter-American Convention on Letters Rogatory, done at Panama January 30, 1975, and the Additional Protocol with Annex, done at Montevideo, Uruguay on May 8, 1979.  In the alternative, service may be had upon BUMBO pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(f) and (h), by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

## FACTUL ALLEGATIONS

7.   The BUMBO SEAT is designed for use by infants.  Specifically, the BUMBO SEAT was designed and marketed "to seat babies independently in an upright sitting position from as young as 3 months up to an age of approximately 14 months…thereby providing a snug and cozy environment for your baby."

8.      The BUMBO SEAT was actively marketed for use on elevated surfaces.  In fact, website photos depicting the BUMBO SEAT routinely showed it being used on top of tables, countertops, and even on top of a piano bench.  And, the box in which the BUMBO SEAT was sold contained a picture of three infants sitting in BUMBO SEATS on top of what appeared to be a table, at a birthday party, with cake and balloons.  There are no adults anywhere in the birthday party photograph:



9.      The BUMBO SEAT was also advertised as being "your extra set of hands," and was promoted as being great for feeding.  Moreover, the BUMBO SEAT was marketed as being safe to use "on any flat surface."  In fact, the following photograph, which appears to show a mother feeding a baby on top of a table, was also on the BUMBO box, and appeared on websites advertising the BUMBO SEAT for sale:



**A.     <u>The Incident</u>**

10.     Patrick and Debra Kroll received a BUMBO SEAT as a gift from a friend for use with their daughter C.A. Kroll.  Prior to the incident in question, Patrick and Debra Kroll used the BUMBO SEAT with their daughter without any problems.

11.     In August 2007, Debra Kroll, C.A. Kroll's mother, properly put C.A. Kroll into the BUMBO SEAT.  C.A. Kroll was six months old at the time.  Debra Kroll was using the BUMBO SEAT to feed her daughter on the kitchen table.  Suddenly and without warning, C.A. Kroll arched her back, and lifted her hips out of the BUMBO SEAT.  As she did so, the entire back of the BUMBO SEAT collapsed and gave way, causing C.A. Kroll to flip off of the table, and fall directly on her head, hitting it on the hard floor below.  C.A. Kroll suffered a bi-parietal skull fracture with a hemorrhage.  As a result of her injuries, C.A. Kroll was hospitalized and required extensive medical treatment.

**B.      Debra Kroll Witnessed the Incident.**

12.     Debra Kroll was feeding her daughter when she fell out of the BUMBO SEAT, and she witnessed the entire event.  In fact, she was so close to her daughter that she almost caught C.A. Kroll before she fell onto the hard floor.  She witnessed her daughter fall directly onto her head.  Her daughter was incoherent and appeared to lose consciousness.

13.     At the time Patrick and Debra Kroll received and used the BUMBO SEAT, it was defective and unsafe for its intended purpose.  Specifically, The BUMBO SEAT did not contain a safety harness or straps to hold C.A. Kroll in place.  Similarly, the BUMBO SEAT was designed in a manner that would allow a child such as C.A. Kroll to easily fall out of the seat.  In addition, the BUMBO SEAT was manufactured defectively in a manner that would allow the back of the product to collapse when only minimal pressure was applied to it by an infant.  Plainly, the BUMBO SEAT failed, seriously injuring C.A. Kroll.

## COUNT I

## STRICT PRODUCTS LIABILITY

14.     PLAINTIFFS incorporate herein the allegations of paragraphs 1 through 13 of this Complaint as if set forth in full here.

15.     The BUMBO SEAT in question was originally designed, manufactured, marketed, and sold by BUMBO.

16.     At the time that the BUMBO SEAT was sold, BUMBO was in the business of designing, manufacturing, marketing, and selling BUMBO SEATS, such as the BUMBO SEAT in question.

17.     BUMBO is the manufacturer in question of the BUMBO SEAT.

18. BUMBO is liable under the doctrine of strict liability for placing the BUMBO SEAT in question into the stream of commerce and is liable for the injuries produced by the defects in the BUMBO SEAT in question, including the injuries of PLAINTIFFS.

19. At the time that the BUMBO SEAT was designed, manufactured, marketed and sold by BUMBO, it was defective in design and unreasonably dangerous as designed.

20. Specifically, there was a design defect in the BUMBO SEAT at the time that it left the possession of BUMBO in that it was designed in such a way that would allow a child such as C.A. Kroll easily to get out of the seat. Moreover, the BUMBO SEAT did not contain a safety harness or straps to prevent a child such as C.A. Kroll from getting out. And the back of the BUMBO SEAT was not strong enough to prevent collapse when even the slightest bit of pressure was applied to it by an infant. These design defects rendered the BUMBO SEAT unreasonably dangerous. Further, these design defects were a proximate cause of the accident and injuries suffered by PLAINTIFFS.

21. The foreseeable risk of harm posed by the BUMBO SEAT could have been avoided by the adoption of a reasonable alternative design, including, but not limited to the addition of a seatbelt and a reinforced back, and the omission of these alternative designs renders the BUMBO SEAT not reasonably safe.

22. The BUMBO SEAT was also defective as manufactured in that it varied in a material respect from BUMBO'S intended design. Specifically, the back of the BUMBO SEAT was not strong enough to prevent collapse of the entire product when a minimal amount of pressure was applied to it by an infant. This variance occurred even though all possible care was exercised in preparation and marketing of the product, and this variance was the cause-in-fact of the injuries and damages suffered by PLAINTIFFS.

23. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was at the time it was placed into the stream of commerce. Plaintiffs made no modifications to the BUMBO SEAT after it was received from their friends.

## COUNT II

## NEGLIGENCE

24. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 23 of this Complaint as if set forth in full here.

25. The BUMBO SEAT in question was originally designed, manufactured, marketed, and sold by BUMBO.

26. BUMBO committed acts of omission and commission, which collectively and severally constituted negligence, and which were a proximate cause of the injuries to PLAINTIFFS.

27. BUMBO's acts of negligence include, but are not limited to the following:

   (a) Negligently designing the BUMBO SEAT such that a child using the BUMBO SEAT in a foreseeable manner could fall out;

   (b) Negligently designing the BUMBO SEAT without a safety harness or straps that would prevent a child from falling out;

   (c) Negligently manufacturing the product such that the back of the BUMBO SEAT was so weak that it would fail when even the smallest amount of pressure was applied.

   (d) Negligently testing the BUMBO SEAT to ensure that children using it in a foreseeable manner could not fall out;

28. BUMBO had a duty to exercise reasonable care in designing, manufacturing and testing the BUMBO SEAT. BUMBO breached this duty by unreasonably designing, manufacturing and testing the product such that children such as C.A. Kroll could easily get out. This breach was the proximate cause of PLAINTIFFS' injuries and damages.

29. BUMBO was also negligent in failing to adequately warn about the dangers associated with the use of the BUMBO SEAT. The warnings and instructions for the BUMBO SEAT were wholly inadequate, and the foreseeable risk of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions and warnings. The BUMBO SEAT not only failed to include adequate warnings, but the marketing information for the BUMBO SEAT also promoted its use in ways that increased the danger of injuries to babies by falling. The omission of adequate warnings and instructions rendered the BUMBO SEAT not reasonably safe. The omission of adequate warnings was also a proximate cause of PLAINTIFFS' injuries.

30. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was when it was placed into the stream of commerce. PLAINTIFFS made no modifications to the BUMBO SEAT after it was received from their friends.

## COUNT III

## BYSTANDER LIABILITY

31. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 30 of this Complaint as if set forth in full here.

32. At the time of the accident, Debra Kroll, C.A. Kroll's mother, was located near the scene of the accident, and she witnessed her daughter's accident and resulting injuries. When she witnessed the accident, Debra Kroll believed that her daughter would be seriously injured or killed as a result of the fall. Debra Kroll suffered serious physical shock and emotional distress from the direct emotional impact that occurred from her sensory and contemporaneous observation of her daughter's accident and resulting injuries. As such, Debra Kroll is entitled to damages for the physical injuries and emotional distress and anguish that she suffered as a result of witnessing the accident and injuries to her daughter.

## **PUNITIVE DAMAGES**

33. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 32 of this Complaint as if set forth in full here.

34. BUMBO knew as early as 2004 that children were capable of getting out of the BUMBO SEAT. BUMBO also knew, as early as 2004, that in conjunction with its marketing of the BUMBO SEAT, parents were using the product on elevated surfaces, such as tables and chairs, and BUMBO was also aware that children were falling from these elevated surfaces and suffering serious injuries. BUMBO continued to receive numerous complaints of this nature in the years that followed. In fact, as BUMBO'S sales of the BUMBO SEAT increased, so did the complaints about the BUMBO SEAT'S defects.

35. Despite having actual knowledge of the dangers associated with the BUMBO SEAT, and the potential of the BUMBO SEAT to cause serious injury to children, BUMBO continued to market the BUMBO SEAT for use on elevated surfaces. In fact, BUMBO actively marketed the BUMBO SEAT in this manner until the U.S. Consumer Product Safety Commission issued a recall of the BUMBO SEAT in 2007.

36. At no time prior to the U.S. Consumer Product Safety Commission recall did BUMBO undertake any effort to evaluate its warnings and marketing materials to determine if they could be improved to decrease the risk of injury to children using the BUMBO SEAT. Similarly, at no time prior to, *or since,* the recall has BUMBO undertaken any effort to evaluate the design of the BUMBO SEAT to determine if it could be reconfigured to prevent children from getting out of it. This is despite the fact that BUMBO is now aware of dozens of incidents where children were seriously injured using the BUMBO SEAT. Had BUMBO effectively evaluated its design, warnings or marketing materials prior to PLAINTIFFS' use of the BUMBO SEAT, PLAINTIFFS' injuries could and should have been prevented.

37. BUMBO'S acts and omissions in failing to review, evaluate, and change its marketing, warnings and design of the BUMBO SEAT exposed infant children to an extreme

degree of risk of serious personal injury and demonstrated willful and wanton disregard for the rights and safety of others.  BUMBO was aware of the probability that children would get out of the BUMBO SEAT, and that the BUMBO SEAT would fall from elevated surfaces.  BUMBO was also aware of the magnitude of the potential harm that children, such as C.A. Kroll, were likely to suffer as a result.  At the time of C.A. Kroll's accident, BUMBO was actually aware of the real likelihood that children such as C.A. Kroll could be seriously injured using the BUMBO SEAT.  Despite this, BUMBO did nothing to reduce or prevent the injuries of C.A. Kroll and other children like her.  Accordingly, BUMBO is liable for punitive or exemplary damages.

## DAMAGES

38. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 37 of this Complaint as if set forth in full here.

39. PLAINTIFFS seek damages from BUMBO arising from the injuries that C.A. Kroll suffered as a result of the accident. Specifically, PLAINTIFFS seek damages for the following:

> (a) Past and future medical expenses of C.A. Kroll;
>
> (b) Past and future pain and suffering of C.A. Kroll;
>
> (c) Past and future mental anguish of C.A. Kroll;
>
> (d) Past and future disfigurement of C.A. Kroll; and
>
> (e) Past and future physical and mental impairment and loss of function of C.A. Kroll.

40. PLAINTIFFS also seek damages from Defendant arising from the mental anguish suffered by Debra Kroll as a result of her witnessing her daughter's horrific accident and resulting injuries.

41. PLAINTIFFS also seek damages from Defendant for the loss of society, companionship and services of C.A. Kroll arising from the injuries suffered by C.A. Kroll.

42. PLAINTIFFS also seek punitive damages as a result of BUMBO'S willful and wanton disregard for the safety of others.

43. PLAINTIFFS also seek pre-judgment and post-judgment interest as provided by law.

WHEREFORE, Plaintiffs pray for entry of monetary judgment in their favor against Defendant Bumbo Ltd. for actual and punitive damages, together with pre-judgment and post-judgment interest, costs, and such other and further relief as the Court may deem just and proper, whether at law or in equity.

## JURY DEMAND

PLAINTIFFS hereby demand trial by jury of all issues in the present case so triable.

/s/ Mark L. Zaiger
MARK L. ZAIGER          AT0008655
          for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 Third Street SE, P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:     (319) 365-9461
FAX:       (319) 365-8564
EMAIL:     mlz@shuttleworthlaw.com
Contact email: heather@shuttleworthlaw.com
Heather Bertch @ 319-365-9461

ATTORNEYS FOR PLAINTIFFS

Of Counsel:

LIZ CUNNINGHAM
Rose Walker, LLP
3500 Maple Avenue, Suite 900
Dallas, TX  75219