**Revised 02/21/2008**

**MATERIALS THE CLERK OF COURT IS TO PROVIDE TO PLAINTIFFS WHO FILE**

**CIVIL CASES**

**IN THE NORTHERN DISTRICT OF IOWA ON OR AFTER JANUARY 1, 2008**

**(For service on all other parties to the suit)**

**The Clerk of Court hereby provides the parties in this case with a copy of the following materials:**

1.  **Local Rule 7.1**

2.  **Disclosure Statement**

3.  **Local Rule 10**

4.  **Notice of Public Availability of Case File Information**

5.  **Local Rule 16**

6.  **Instructions and Worksheet for the Scheduling Order and Discovery Plan**

7.  **Proposed Scheduling Order and Discovery Plan**

8.  **Local Rule 73**

9.  **Notice, Consent and Order of Reference**

10. **Waiver of Service of Summons**

11. **Notice of Lawsuit and Request for Waiver**

12. **Local Rule 41**

13. **Section IV of Procedures Manual: Sanctions**

14. **ECF Attorney Registration Form**

*January 1, 2008, Amended Edition*

# LR 7.1  DISCLOSURE STATEMENT

    **a.**    **Plaintiff's Disclosure Statement.**  Within 21 days after a civil complaint is filed, each nongovernmental plaintiff that is not a natural person must file with the Clerk of Court a statement containing the following:

        **1.**    The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case; and

        **2.**    With respect to each such entity, a description of its connection to or interest in the litigation.

    **b.**    **Defendant's Disclosure Statement.**  Within 30 days after service of a civil complaint on a nongovernmental defendant that is not a natural person, such defendant must file with the Clerk of Court a statement containing the following:

        **1.**    The names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the defendant as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the defendant's outcome in the case; and

        **2.**    With respect to each such entity, a description of its connection to or interest in the litigation.

    **c.**    **Disclosure Statement Forms.**  A disclosure statement must be filed on the form attached to these rules as appendix A.  The form also is available from the Clerk of Court, and may be found on the court's website at the web address given in Local Rule 1.i.  The disclosure statement form is designed to enable the involved federal judges to evaluate possible bases for disqualification or recusal.

    **d.**    **Conflicts List.**  After entering an appearance in a pending civil case, the lawyers for the parties must determine promptly if the presiding judge has filed a conflicts list with the Clerk of Court by doing one of the following:

        **1.**    Inspecting the court's website at the web address given in Local Rule 1.i; or

        **2.**    Inquiring of the Clerk of Court of the district.

**1.**

*January 1, 2008, Amended Edition*

If a conflicts list for the presiding judge has been filed with the Clerk of Court, the lawyer must review the list and notify the Clerk of Court immediately if it appears the presiding judge may have a conflict with any association, firm, partnership, corporation, or other artificial entity either related to any party or having a pecuniary interest in the case.

      **e.**     **Notification by Clerk of Court.**  After a civil case is filed, the Clerk of Court will provide the plaintiff with a copy of this rule and a disclosure statement form.  The plaintiff must attach a copy of the rule and the form to each service copy of the summons and complaint.

Any failure of the Clerk of Court or the plaintiff to provide a party with a copy of this rule or the form does not excuse the party from compliance with the rule.

APPENDIX A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE [NORTHERN][SOUTHERN] DISTRICT OF IOWA
# @ DIVISION

@,

      Plaintiff(s),

vs.

@,

      Defendant(s).

No.  @

**DISCLOSURE STATEMENT**

    As required by LR 7.1 and LR 81.c and d, @, [plaintiff][defendant] in this case, provides the following information to the court:

(a) *The following are the names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the [plaintiff][defendant] as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the [plaintiff's][defendant's] outcome in the case*:

(b) *With respect to each entity named in response to (a), the following describes its connection to or interest in the litigation, or both*:

Date: _____

                                      _____

Name of lawyer
Name of lawyer's law firm
Lawyer's office address
Lawyer's telephone number
Lawyer's facsimile number
Lawyer's e–mail address
Contact person's e–mail address
Attorney for (plaintiff/defendant)

**2.**

*January 1, 2008, Amended Edition*

## LR 10  FORM OF DOCUMENTS FILED WITH THE COURT; CITATIONS TO STATUTES; PERSONAL IDENTIFIERS

**a.**    **Size.**  All documents filed with the court in paper form must be on 8.5 inch x 11 inch size paper.  All electronic filings must be similarly formatted.

**b.**    **Form.**  All documents filed with the court must be in the following form:

**1.**    Double spaced;

**2.**    Printed on only one side of the page; and

**3.**    Have a top margin of at least one inch on each page.

Documents more than one page in length must be numbered at the bottom of each page.  Exhibits included in an appendix or attached to a pleading, motion, or brief must be imaged or reproduced in a clear, legible, and high-quality form.

**c.**    **Documents Filed in Paper Form.**  To facilitate electronic imaging, a document filed non-electronically must be delivered to the Clerk of Court with no tabs, staples, or permanent clips, but may be organized with paperclips, clamps, or some other type of temporary fastener, or delivered to the Clerk of Court in an expandable file folder, except as follows:

**1.**    Transcripts may be bound.

**2.**    Copies of exhibits may be provided to the court in a notebook.

**3.**    If a motion, resistance, or reply, together with any supporting filings, totals more than 100 pages in length and is filed electronically, within three court days after the document is filed, the filer must deliver to the Clerk of Court, for use by the presiding judge, a paper copy of the motion, resistance, or reply, together with any supporting filings, reproduced on one side of the page, bound or fastened at the left margin, and tabbed to facilitate ready reference.

**d.**    **Captions.**  Captions of filings must include the district and division in which the case is filed, the case number, the names of the litigants in the manner prescribed in Federal Rule of Civil Procedure 10(a), and a designation of the content, and must specify clearly the party filing the document.

**3.**

*January 1, 2008, Amended Edition*

**e.    Citations to Statutes.** All citations to statutes in motions, briefs, pleadings, and other requests for court action must refer to the United States Code or to the appropriate state code and not to a common name or designation for a statutory provision. For example, parties should not cite to the Internal Revenue Code or the Bankruptcy Code, but to the statutory equivalent in the United States Code.

**f.    Consolidated Cases.** If two or more cases have been consolidated, the caption on all filings in the cases must be in the name of the lead case, but also must include the case numbers of all other member cases. If two or more cases have been consolidated for pretrial purposes only, the caption on all filings in the cases must include the full captions of all member cases.

**g.    Return of Copies by Mail.** If a party requests that a copy of a document filed in paper form be returned by mail, the party must deliver to the Clerk of Court a self-addressed, stamped envelope, with proper postage, and large enough to accommodate the requested copy.

**h.    Personal Data Identifiers.** Unless otherwise permitted or required by law, a party filing a document containing personal data identifiers should, unless the document is filed under seal, modify or partially redact the document to prevent disclosure of the identifiers. (*See* Fed. R. Civ. P. 5.2(a).) Personal data identifiers include the following:

**1.**    Social Security numbers;

**2.**    Dates of birth;

**3.**    Names of minor children; and

**4.**    Financial account numbers.

By way of example, and not limitation, if the Social Security number of an individual must be included in a document, only the last four digits of that number should be used. If an individual's date of birth is necessary, only the year should be used. If a minor child must be mentioned, only that child's initials should be used. If financial account numbers are relevant, only incomplete numbers should be recited in the document.

In addition, parties should exercise caution when filing unsealed documents that contain the following information:

*January 1, 2008, Amended Edition*

    **5.**    Other personal identifying numbers, such as driver's license numbers;

    **6.**    Information concerning medical treatment or diagnosis;

    **7.**    Employment history;

    **8.**    Personal financial information;

    **9.**    Proprietary or trade secret information;

    **10.**    Information concerning a person's cooperation with the government;

    **11.**    Information concerning crime victims;

    **12.**    Sensitive security information; and

    **13.**    Home addresses.

It is the responsibility of counsel and the parties to assure that appropriate redactions from documents have been made before they are filed; the Clerk of Court will not review filings to determine whether such redactions have been made.

    **i.**    **Notification by Clerk of Court.** After a civil case is filed, the Clerk of Court will provide the plaintiff with a copy of section "h" of this rule and a "notice of public availability of case file information." A copy of this notice is attached to these rules as appendix B. The plaintiff must attach a copy of section "h" of this rule and the notice to each service copy of the summons and complaint.

    Any failure of the Clerk of Court or the plaintiff to provide a party with a copy of the rule or the notice does not excuse the party from compliance with the Local Rules. Counsel are strongly urged to share the notice with their clients so informed decisions may be made about the inclusion, redaction, or exclusion of sensitive information in documents that will be available to the public as part of a public case file.

APPENDIX B

# NOTICE OF PUBLIC AVAILABILITY
# OF CASE FILE INFORMATION

All documents filed with the court, unless sealed, will be available to the public, and may be accessible over the Internet. Therefore, you should not include certain types of sensitive information in any document filed with the court unless such inclusion is necessary.

If sensitive information must be included in a document, certain personal and identifying information should be redacted from the document, whether it is filed electronically or non-electronically. This information includes the following: (1) Social Security numbers, (2) financial account numbers, (3) dates of birth, and (4) the names of minor children. Also, you should exercise caution when filing documents that contain the following: (1) other personal identifying numbers, such as driver's license numbers; (2) information concerning medical treatment or diagnosis; (3) employment history; (4) personal financial information; (5) proprietary or trade secret information; (6) information concerning a person's cooperation with the government; (7) information concerning crime victims; (8) sensitive security information; and (9) home addresses.

Counsel are strongly urged to share this notice with their clients so informed decisions may be made concerning the redaction of sensitive information from documents that will be available to the public as part of a case file. It is the sole responsibility of counsel and the parties to ensure that all filed documents are in compliance with the rules of this court requiring redaction of personal data identifiers; the Clerk of Court will not review filings to determine whether appropriate redactions have been made.

**4.**

*January 1, 2008, Amended Edition*

## LR 16  SCHEDULING ORDER AND DISCOVERY PLAN

**a.    Timing of Proposed Order and Plan.** Within 120 days after the filing of the complaint, all attorneys of record and all unrepresented parties must submit to the Clerk of Court for approval by a magistrate judge a proposed Rule 16(b) and 26(f) scheduling order and discovery plan.

The parties must confer to complete the proposed scheduling order and discovery plan as soon as practicable, but at least 14 days before the proposed scheduling order and discovery plan is due.

**b.    Completion of Proposed Order and Plan.** The attorneys of record and all unrepresented parties who have appeared in the case are jointly responsible for preparing a proposed scheduling order and discovery plan. The proposed scheduling order and discovery plan must be prepared using the form supplied by the Clerk of Court, and must contain all of the information requested in the form. The form may be downloaded from the court's website at the web address given in Local Rule 1.i. In the Northern District, the completed form must be e–mailed to the Clerk of Court at ecfmail@iand.uscourts.gov. In the Southern District, the completed form must be filed.

**c.    Dismissal for Failure to Submit Timely Proposed Order and Plan.** The failure to submit timely a proposed scheduling order and discovery plan may result in dismissal of the case.

**d.    Cases Not Subject to Requirement.** A proposed scheduling order and discovery plan must be submitted in all civil cases, except for the following:

**1.**    An action for judicial review based on an administrative record, such as a Social Security benefits case or a claim-review case brought under the Employee Retirement Income Security Act of 1974;

**2.**    A petition, application, or motion for habeas corpus, or other proceeding to challenge a criminal conviction or sentence;

**3.**    An action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

**4.**    An action to enforce or quash an administrative summons or sub-poena;

**5.**    An action by the United States to recover benefit payments;

5.

*January 1, 2008, Amended Edition*

    **6.**    An action by the United States to collect on a student loan guaranteed by the United States;

    **7.**    A proceeding ancillary to proceedings in other courts;

    **8.**    An action to enforce an arbitration award;

    **9.**    A foreclosure or civil forfeiture action filed by the United States;

    **10.**    An IRS summons enforcement action; and

    **11.**    Any other class of cases so designated by order of the court.

    **e.**    **Scheduling Conference.** After reviewing the proposed scheduling order and discovery plan, the magistrate judge may issue the Rule 16(b) and 26(f) scheduling order and discovery plan, either as submitted or with revisions, or may set a scheduling conference. Nothing in this rule precludes the parties from requesting a scheduling or planning conference with the magistrate judge at any time.

    **f.**    **Requests for Extensions of Deadlines.** The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause. Local Rule 7.*l*, requiring consultation with the other parties before filing certain motions, applies to motions to extend Rule 16(b) and 26(f) scheduling order and discovery plan deadlines. A motion to extend these deadlines also must contain the following:

    **1.**    A description of the discovery not completed;

    **2.**    A description of the discovery that has been completed;

    **3.**    An explanation of why all discovery cannot be completed by the existing deadline;

    **4.**    A statement of when discovery will be completed; and

    **5.**    A statement of whether the moving party believes the requested extension will affect any scheduled trial date.

    **g.**    **Notification by Clerk of Court.** After a civil case subject to this rule is filed, the Clerk of Court will provide the plaintiff with the following:

    **1.**    A copy of this rule;

*January 1, 2008, Amended Edition*

    **2.**     The instructions and worksheet for the scheduling order and discovery plan; and

    **3.**     A scheduling order and discovery plan form.

The plaintiff must attach a copy of the rule to each service copy of the summons and complaint.

Any failure of the Clerk of Court or the plaintiff to provide a party with any of these documents does not excuse the party from compliance with the Local Rules.

    **h.**    **Dispositive Motion Deadline.** The deadline in the proposed scheduling order and discovery plan for filing dispositive motions must be at least 120 days before the proposed ready-for-trial date.

    **i.**    **Deadlines in Actions for Judicial Review Based on Administrative Record.** In actions for judicial review based on an administrative record, such as claim-review cases brought under the Employee Retirement Income Security Act of 1974, within 90 days after the filing of the complaint, all attorneys of record and all unrepresented parties must confer and submit to the Clerk of Court for approval by a magistrate judge a proposed scheduling order setting forth deadlines for the filing of the administrative record and briefs. This section does not apply to Social Security benefits cases, which are scheduled *sua sponte* by the court.

    **j.**    **Sanctions.** The failure to comply with a deadline established in the Rule 16(b) and 26(f) scheduling order and discovery plan may result in sanctions, including the exclusion of evidence, the prevention of witnesses from testifying, the striking of pleadings or other documents, the denial of oral argument, and the imposition of attorney fees and costs.

**U.S. DISTRICT COURTS FOR THE NORTHERN/SOUTHERN DISTRICTS OF IOWA**

**INSTRUCTIONS AND WORKSHEET FOR PREPARATION OF
SCHEDULING ORDER AND DISCOVERY PLAN**

**Effective January 1, 2007**

**ORDER REQUIRING SUBMISSION OF SCHEDULING ORDER
AND DISCOVERY PLAN**

Please carefully review the Local Rules, revised as of January 1, 2006, for a more complete description of the District's requirements for pretrial case management (*available at www.iand.uscourts.gov* or *www.iasd.uscourts.gov* ).

**IT IS ORDERED THAT** counsel for the parties shall confer, as required by Federal Rules of Civil Procedure 16 and 26 and Local Rules 16.1 and 26.1, and submit to the Clerk of Court on the attached form a stipulated proposed scheduling order and discovery plan. If counsel are not able to agree upon the deadlines required to complete the form or are requesting deadlines significantly beyond those suggested in the form, or if the case involves any special issues that require the early attention of the court, counsel should, in paragraph 11 of the form, request a Rule 16(b) and 26(f) scheduling and planning conference with the court.

/S/

_____
U.S. MAGISTRATE JUDGE

**Follow this worksheet at your Rule 16(b) and 26(f) conference. The deadlines referred to in the worksheet are suggested deadlines except for the dispositive motion deadline, which MUST be at least 120 days before the trial ready date. File only the attached two-page proposed scheduling order and discovery plan. DO NOT FILE THE WORKSHEET.**

1    **INITIAL DISCLOSURES AND ELECTRONICALLY STORED INFORMATION:** State whether the parties (a) entered into an agreement at the Rule 26(f) conference resolving all issues relating to the Federal Rule of Civil Procedure 26(a)(1) initial disclosures in this action, and (b) discussed the preservation, disclosure, and discovery of electronically stored information.

_____ yes    _____ no

1

**WORKSHEET – DO NOT FILE – WORKSHEET**

**6.**

If any party objected at the Rule 26(f) conference either to making the initial disclosures or to the timing of the initial disclosures, then **within 10 days after the scheduling order and discovery plan is filed**, the objecting party must serve and file a document in which the objections are set forth with particularity.

If the parties have entered into an agreement concerning the timing of the initial disclosures, state the date by which the initial disclosures will be made.



(insert date)

Unless a different deadline is set by agreement of the parties or court order, or unless a party objects to making the initial disclosures or to the timing of the initial disclosures, Local Rule 26.1(a) requires that the initial disclosures be made **within 14 days after the Rule 26(f) conference**.

Federal Rule of Civil Procedure 26(a)(1) requires that the parties must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If the parties have any other disputes concerning initial disclosures or the preservation, disclosure, or discovery of electronically stored information, or are aware of any other issues relating to scheduling or planning that might benefit from the early intervention of the court, the parties may, in paragraph 11 of the proposed scheduling order and discovery plan, request a court-sponsored pretrial discovery and planning conference.

2

**WORKSHEET – DO NOT FILE – WORKSHEET**

2. **ADDING PARTIES:** State the deadline for filing motions to add parties.

_____
(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling order and discovery plan is submitted to the court**.

3. **AMENDING PLEADINGS:** State the deadline for filing motions to amend pleadings.

_____
(insert date)

This deadline should be **no more than 2 months after the date the proposed scheduling order and discovery plan is submitted to the court**.

4. **EXPERT WITNESSES:** State the deadlines for the parties to disclose, in accordance with Federal Rule of Civil Procedure 26(a)(2)(A) and (B), all "expert witnesses" who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.

Plaintiff's experts: _____
(insert date)

Defendant's experts: _____
(insert date)

Plaintiff's rebuttal experts: _____
(insert date)

The deadlines for the plaintiff to disclose experts, for the defendant to disclose experts, and for the plaintiff to disclose rebuttal experts should be no more than **3 months**, **5 months**, and **6 months**, respectively, after the date the proposed scheduling order and discovery plan is submitted to the Clerk of Court. Except as otherwise stipulated by the parties or ordered by the court, the parties must, by these deadlines, disclose to the other parties: (a) the identity of each expert witness; and (b) a written report prepared and signed by each expert witness, as required by Federal Rule of Civil Procedure 26(a)(2)(B). The report must contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

3

**WORKSHEET – DO NOT FILE – WORKSHEET**

5. **DISCOVERY:** State the date by which all discovery will be ***completed***, not propounded.

_____
(insert date)

This deadline should be **no more than 8 months after the date the proposed scheduling order and discovery plan is submitted to the court**.

Federal Rule of Civil Procedure 26(e) imposes a continuing duty to supplement discovery responses as soon as practicable. **All discovery responses must be supplemented at least 30 days before the close of discovery**.

6. **DISPOSITIVE MOTIONS:** State the deadline for filing dispositive motions.

_____
(insert date)

This deadline **must be at least 120 days before the trial ready date**, but should be **no more than 9 months after the date the proposed scheduling order and discovery plan is submitted to the court**.

7. **TRIAL READY DATE:** State the date on which the parties anticipate the case will be ready for trial.

_____
(insert date)

This deadline should be **no more than 13 months after the date the proposed scheduling order and discovery plan is submitted to the court**, but **must not be less than 120 days after the dispositive motion deadline**.

8. **JURY DEMAND:** State whether a jury demand has been filed.

_____ yes    _____ no

9. **ESTIMATED LENGTH OF TRIAL:** State your estimate of the number of days required for trial. For jury trials, include in your estimate the time required for jury selection, opening statements, closing arguments and instructions. If circumstances change, the parties should immediately so notify the court. **In any event, the parties should notify the court of any change in the time required for trial and of their new estimated length of trial by at least 30 days before the trial readiness date in paragraph 7.**

_____
(insert number of trial days)

4

**WORKSHEET – DO NOT FILE – WORKSHEET**

10. **SETTLEMENT CONFERENCE:** Indicate one of the following two choices regarding a court-sponsored settlement conference:

_____ A court-sponsored settlement conference should be set by the court at this time for a date after: _____.
(insert date)

_____ A court-sponsored settlement conference is not necessary at this time.

11. **SCHEDULING AND PLANNING CONFERENCE:** State whether the parties believe a court-sponsored scheduling and planning conference pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) would be appropriate in this case.

_____ yes      _____ no

12. **CONSENT TO MAGISTRATE JUDGE:** State whether the parties unanimously consent, or do not unanimously consent, to trial, disposition, and judgment by a United States Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals.

_____ yes, we unanimously consent      _____ no, we do not unanimously consent

You may consent in either a jury or non-jury case.  Cases consented to the United States Magistrate Judge will be set for trial on a **date certain**.

13. **FILING OR DELIVERY OF FORM TO CLERK OF COURT:** Print or type the names, addresses, telephone and fax numbers, and e-mail addresses on the proposed scheduling order and discovery plan, sign the proposed order and plan, and (a) in the Southern District of Iowa, electronically file the form in the court's electronic case filing system, or (b) in the Northern District of Iowa, e-mail the form to the following e-mail address: ecfmail@iand.uscourts.gov.  **Be sure to include _both_ pages of the proposed order and plan, and include the signature line for the magistrate judge.**

5

**WORKSHEET – DO NOT FILE – WORKSHEET**

IN THE UNITED STATES DISTRICT COURT
FOR THE [NORTHERN] [SOUTHERN] DISTRICT OF IOWA
[WESTERN] [CENTRAL] [EASTERN] [CEDAR RAPIDS] [DAVENPORT] DIVISION

_____,  )
                                   )
              Plaintiff(s),        )        NO. _____
                                   )
    vs.                            )
                                   )
_____,  )        **SCHEDULING ORDER AND**
                                   )        **DISCOVERY PLAN**
              Defendant(s).        )

Counsel have conferred and submit the following case information and proposed dates for case management:

1.  Did the parties both (a) enter into an agreement at the Rule 26(f) conference resolving all issues relating to initial disclosures, and (b) discuss the preservation, disclosure, and discovery of electronically stored information? _____ yes _____ no
    *If any party objected at the Rule 26(f) conference to making or to the timing of the initial disclosures, then the objecting party must, within 10 days after this order and plan has been filed, serve and file a document in which the objections are set forth with particularity.* If the parties have agreed to a deadline for making the initial disclosures, state the date by which the initial disclosures will be made: _____

2.  Deadline for motions to add parties: _____

3.  Deadline for motions to amend pleadings: _____

4.  Expert witnesses disclosed by:  a) Plaintiff: _____
                                    b) Defendant: _____
                                    c) Plaintiff Rebuttal: _____

5.  Deadline for **completion** of discovery: _____

6.  Dispositive motions deadline (**at least 120 days before Trial Ready Date**):_____

7.  Trial Ready Date (**at least 120 days after Dispositive Motions Date**):_____

8.  Has a jury demand been filed? _____ yes _____ no

9.  Estimated length of trial: _____ days

10. Settlement conference (choose one of the following): (a) _____ A court-sponsored settlement conference should be set by the court at this time for a date after: _____; or (b) _____ A court-sponsored settlement conference is not necessary at this time.

11. Should the court order a court-sponsored scheduling and planning conference pursuant to Fed. R. Civ. P. 16(b) and 26(f)? _____ yes _____ no

12. Do the parties unanimously consent to trial, disposition and judgment by a U.S. Magistrate Judge, with appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3)? _____ yes _____ no

_____
Attorney for Plaintiff(s):

Address:

Telephone:

Facsimile:

E-mail address:

_____
Attorney for Defendant(s):

Address:

Telephone:

Facsimile:

E-mail address:

**7.**

_____
Attorney for Third-Party Defendant\Other:

Address:

Telephone:

Facsimile:

E-mail address:

### JUDGE'S REVISIONS

The deadline in Paragraph _____ is changed to _____.

The deadline in Paragraph _____ is changed to _____.

The deadline in Paragraph _____ is changed to _____.

**IT IS ORDERED** that this proposed Scheduling Order and Discovery Plan
_____ **is** _____ **is not** approved and adopted by this court.

**IT IS FURTHER ORDERED** that a scheduling and planning conference:

_____  will not be scheduled at this time.

_____  will be held in the chambers of Judge _____ at the
U.S. Courthouse in _____, Iowa, on the _____ day
of _____, at _____ o'clock, ____.m.

_____  will be held by telephone conference, initiated by the court, on the
_____ day of _____, at _____ o'clock, ____.m.

**DATED** this _____ day of _____.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

### ORDER OF REFERENCE

   **IT IS HEREBY ORDERED** that this case is referred to a U.S. Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

   **DATED** this _____ day of _____.

_____
UNITED STATES DISTRICT JUDGE

*January 1, 2008, Amended Edition*

## LR 73  CONDUCT OF TRIALS AND DISPOSITION OF CIVIL CASES BY MAGISTRATE JUDGES UPON CONSENT OF THE PARTIES – 28 U.S.C. § 636(c)

Upon consent of the parties and the entry of an order of referral by a district court judge, magistrate judges are hereby specifically designated, pursuant to 28 U.S.C. § 636(c), to conduct trials and otherwise dispose of any civil case filed in this court.  After an order of referral is entered in a case, a magistrate judge may conduct all proceedings in the case, including the conduct of a jury or nonjury trial, and may order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). In the course of conducting such proceedings, a magistrate judge may hear and determine any pretrial and post-trial motions, including case-dispositive motions.

**8.**

✎ AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

_____

Plaintiff
V.


Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number: _____

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____        _____
Date                    United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

**9.**

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____
(CAPTION OF ACTION)                                      (DOCKET NUMBER)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
DATE                      SIGNATURE

Printed/Typed Name: _____

As _____ of _____
(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**10.**

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court

for the (D) _____ District of _____

and has been assigned docket number (E) _____ .

      This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

      If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

      If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

      I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of

_____ , _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

**11.**

*January 1, 2008, Amended Edition*

## LR 41  DISMISSALS OF ACTIONS

**a.    Voluntary Dismissals.**  Civil actions may be dismissed without an order of the court in two circumstances:

**1.**    Where the plaintiff files a notice of dismissal before service by the adverse party of either an answer or a motion for summary judgment; or

**2.**    Where a stipulation of dismissal signed by all parties who have appeared in the action is filed with the Clerk of Court.

**b.    Involuntary Dismissals.**  After giving the parties the notice prescribed in section "d" of this rule, the Clerk of Court will, in the following circumstances, enter an order dismissing a civil action without prejudice:

**1.**    Where service has not been made on any defendant within 120 days after the filing of the complaint, and the plaintiff has failed to file a statement in writing within 127 days after the filing of the complaint setting forth good cause for why service has not been made; or

**2.**    As to a particular defendant, where service has been made upon that defendant and neither an answer nor a request for other action has been filed as to that defendant within 30 days after the date the answer was due; or

**3.**    Where a default has been entered and a motion for entry of judgment by default in accordance with Federal Rule of Civil Procedure 55(b) has not been made within 30 days after the entry of default, unless the plaintiff advises the Clerk of Court that further court action is necessary before a default judgment can be sought; or

**4.**    Where a deadline set for the performance of any act required by the Federal Rules of Civil Procedure, the Local Rules, or an order of the court has been exceeded by more than 30 days and an extension of time has been neither requested nor granted.

**c.    Dismissal of Settled Cases.**  The Clerk of Court may, for internal statistical purposes, immediately close a case upon being advised by one or more of the parties that the action has been settled.  Within 30 days after advising the court that an action has been settled, the parties must file such documents as are required to terminate the action.  If the parties fail to do so, the Clerk of Court may, after giving the parties the notice prescribed in section "d" of this rule, enter an order dismissing the action with prejudice.

-42-

**12.**

*January 1, 2008, Amended Edition*

Either party may seek reinstatement of a case dismissed under this section within 60 days after the date of the dismissal order by serving and filing a motion to reinstate the case. The motion must show good cause as to why the settlement was not consummated. This paragraph does not diminish any obligation of a party to perform under an otherwise enforceable settlement agreement.

**d.     Notification by Clerk of Court.** At least 14 days before dismissing a case pursuant to section "b" or "c" of this rule, the Clerk of Court will mail or electronically transmit a notice and a copy of this rule to all counsel of record and any pro se parties. The notice will state that the case will be dismissed unless, by the deadline specified in the notice, either the required action is taken or good cause is shown for not dismissing the case.

This rule does not restrict the authority of the court to dismiss a case, with or without prejudice, for good cause. Good cause could include the failure of a party to comply with the Federal Rules of Civil Procedure, the Local Rules, or an order of the court.

IN THE UNITED STATES DISTRICT COURTS

FOR THE NORTHERN AND SOUTHERN DISTRICTS OF IOWA


PROCEDURES FOR ELECTRONICALLY SERVING,

FILING, IMAGING, AND ACCESSING DOCUMENTS


Pursuant to Local Rules 1.*l* and 5.2.a, this "ECF Procedures Manual" ("Procedures Manual" or "Manual") is adopted to govern the electronic serving, filing, imaging, and accessing of documents in the Northern and Southern Districts of Iowa.


\* \* \*


IV.   <u>SANCTIONS</u>.  In the Northern District of Iowa, the Clerk is authorized to impose a sanction of $25.00 for each document submitted for filing in paper form when the filing of the document non-electronically is not authorized by the Local Rules, this Manual, or a previously-entered order of the court.  In the Southern District of Iowa, the Clerk may be authorized by Administrative Order to impose sanctions.

Although the Clerk will not refuse to accept a document submitted for filing non-electronically (*see* Fed. R. Civ. P. 5(d)(4)), the court may strike or order the document not to be filed if filing non-electronically is not specifically authorized or required by the Local Rules, this Manual, the Clerk, or the court.


**13.**

FORM A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

ELECTRONIC CASE FILING SYSTEM
LAWYER REGISTRATION FORM
PLEASE TYPE

This form must be used to register for an account on the court's ELECTRONIC CASE FILING (ECF) systems in the United States District Court for the Northern District of Iowa. Registered lawyers and other participants will have privileges both to electronically file documents and to view and retrieve documents and docket sheets from case files maintained in the court's ECF system. **When registering in this district, lawyers are encouraged to send a copy of this form to the Southern District of Iowa.**

First/Middle/Last Name: _____

Last Four Digits of Social Security Number: _____

Firm Name: _____

Firm Address: _____

_____

_____

Voice Phone Number: _____

FAX Phone Number: _____

Internet E-Mail Address: _____

Additional E-Mail Address: _____

Does your E-mail Software support HTML messages?     Yes _____     No _____

Do you currently have a login for the ECF system in the Southern District of Iowa, or do you have a login for the Bankruptcy Court in the Northern or Southern Districts of Iowa? Yes_____ No_____. If you do and you wish to use the same login id in this court, indicate the login here: _____. NOTE: Only the login will be remain the same – you will be issued a new password with your login (although you can immediately change your password if you wish).

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.  The ECF system may be used to file and view electronic documents, docket sheets, and notices in case files maintained in the court's ECF system.

2.  <u>Each lawyer desiring to file documents electronically must complete and sign a Lawyer Registration Form.</u> A lawyer/participant's password issued by the court, combined with the user's identification (login), serves as and constitutes the lawyer/participant's signature. Therefore, a lawyer/participant must protect and secure the password issued by the court. If there is any reason to suspect the password has been compromised in any way, such as resignation or reassignment of a person with authority to use the password, it is the duty and responsibility of the lawyer/participant to notify the court immediately. The court immediately will delete the password from the ECF system and issue a new password.

3.  Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper filed with the Clerk must be signed by at least one attorney of record or, if the party is not represented by a lawyer, all papers must be signed by the party. The electronic filing of a document by a lawyer who is a registered participant in the ECF system will constitute the signature of that lawyer under Federal Rule of Civil Procedure 11.

**14.**

4.    Registration as a Filing User constitutes: (1) consent to receive notice electronically and waiver of the right to receive notice by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E); (2) consent to electronic service and waiver of the right to service by personal service or first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), except with regard to service of a summons and complaint. Waiver of service and notice by first class mail applies to notice of the entry of any order or judgment.

5.    A User accesses court information via the courts' Internet sites or through the Public Access to Court Electronic Records ("PACER") Service Center. Although the court manages the procedures for electronic filing, all electronic public access to case file documents occurs through PACER. A PACER login is required in addition to the password issued by the court. To register for PACER, a user must complete the online form or submit a registration form, available on the PACER web site (http://pacer.psc.uscourts.gov).

6.    Pursuant to this registration, the undersigned agrees to abide by all of the rules and regulations in the most recent Administrative Order, *Procedures for Electronically Filing, Imaging, and Access to Documents*, currently in effect and any changes or additions that may be made to such Procedures in the future.

Please return to:    United States District Court                    United States District Court
                     Northern District of Iowa                       Southern District of Iowa
                     Attn: ECF Attorney Registration    [and]        P.O. Box 9344
                     101 1st Street S.E.                             Des Moines, IA 50306-9344
                     Cedar Rapids, IA 52401                          Fax 515-284-6418
                     Fax 319-286-2301

_____          _____
Date                                      Lawyer/Participant Signature

Your login and password will be sent to you by the Clerk via regular, first-class mail. If you prefer to have your login/password sent to an address other than the one listed on the first page of this form, please write the address in the space provided below:

Address:    _____

            _____

COURT USE ONLY:

| | |
|---|---|
| Login Assigned | |
| Password Assigned | |
| Issuer | |
| Date test email sent | |
| Date reply returned | |
| Date login sent to user | |
| Date Scanned | |